IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CHARLES THOMAS,** :
:
    **Plaintiff,** : CIVIL NO. 3:CV-05-0090
:
    v. : **(Judge Caputo)**
:
**JOHN ASHCROFT, et al.,** :
:
    **Defendants.** :

## O R D E R

    Plaintiff, while an inmate at the Allenwood Low Security Correctional Institution in White Deer, Pennsylvania, commenced this *pro se* action with a *Bivens*[1] civil rights complaint (Doc. 1). By Order of this Court dated June 1, 2005 (Doc. 33), the Plaintiff's first motion for appointment of counsel (Doc. 29) was denied. Pending before the court is Plaintiff's second motion for appointment of counsel (Doc. 46). For the reasons that follow, the motion will be denied.

    Although litigants have no constitutional or statutory rights to appointment of counsel in a civil case, the Court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)); *see also Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). In *Tabron*, the Third Circuit developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants. As a threshold matter, a district court must assess whether the claimant's case has some

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou,* 438 U.S. 478, 504 (1978).

arguable merit in fact and law.  *Tabron,* 6 F.3d at 155.  If a claimant overcomes this threshold hurdle, the Third Circuit identified a number of factors that a court should consider when assessing a claimant's request for counsel.  These include (1) the Plaintiff's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the Plaintiff to pursue investigation, (4) the Plaintiff's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses.  *Id.* at 155-57.  Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

Here, Plaintiff's motion fails to set forth sufficient circumstances to warrant appointment of counsel.  Assuming, solely for the purpose of deciding this motion, that Plaintiff's complaint has arguable merit, Plaintiff has not demonstrated that he is incapable of presenting comprehensible arguments.  Plaintiff has set forth his complaint in typewritten, understandable paragraphs.  The legal issues are relatively uncomplicated, are not likely to require expert testimony nor investigation, and the court cannot say, at least at this point, that Plaintiff will suffer prejudice if he is forced to prosecute this case on his own. Ultimately, this Court does not see any relevant change in the Plaintiff's circumstances since denial of his prior motion for appointment of counsel (Doc. 29) which would warrant a different result on this motion (Doc. 46). Accordingly, Plaintiff's second motion for appointment of counsel will be denied.

**AND NOW, THEREFORE, IT IS HEREBY ORDERED THAT** Plaintiff's second motion for appointment of counsel (Doc. 46) is **DENIED**.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court, on its own initiative, or upon a motion properly filed by the Plaintiff.

                                               /s/ A. Richard Caputo
                                               A. RICHARD CAPUTO
                                               United States District Judge

Dated:  August 10, 2005.