IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES THOMAS,** | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-05-0090 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **JOHN ASHCROFT, et al.,** | : | |
| | : | |
| Defendants. | : | |

## M E M O R A N D U M

### I.   Introduction

Plaintiff, Charles Thomas, formerly[1] an inmate at the Allenwood Low Security Correctional Institution in White Deer, Pennsylvania, commenced this *pro se* action with a civil rights complaint alleging a *Bivens*[2] claim and a claim under 42 U. S. C. § 1983 (Doc. 1). Plaintiff complains about erroneous entries in his prison records, incorrectly identifying him as a sex offender. Presently pending is motion of Defendant, Philadelphia District Attorney's Office, to dismiss Plaintiff's complaint (Doc. 16). The motion has been briefed and it is ripe for disposition  For the following reasons Defendant's motion will be granted under Fed. R. Civ. P. 12(b)(6).

---

[1]Plaintiff has notified the Court that his current address is Luzerne Correction Center, 600 E. Luzerne Street, Philadelphia, Pennsylvania. (Doc. 46 at 2.)

[2]*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

## II.    Discussion

In rendering a decision on a motion to dismiss, the Court must accept the Plaintiff's allegations as true. *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990). In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the United States Court of Appeals for the Third Circuit added that when considering a motion to dismiss, based on a Rule 12(b)(6) argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Moreover, a motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle Plaintiff to relief. *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004). The Court should consider the allegations in the complaint, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents. *See Angstadt v. Midd-West School Dist.*, 377 F.3d 338, 342 (3d Cir. 2004); *Pension Guar. Corp. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002). Nevertheless, the Court is mindful that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

As it relates to the Philadelphia District Attorney's Office, Plaintiff's complaint is pursued under 42 U. S. C. § 1983. To state a viable § 1983 claim, Plaintiff must establish (1) that the alleged wrongful conduct was committed by a person acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). Both elements must be present to sustain a § 1983 action, and Plaintiff fails to

satisfy the second requirement.

It is well-established that "a defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondent superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988). The personal involvement requirement can be satisfied by a showing of "personal direction or of actual knowledge and acquiescence." *Id.*; *Pansy v. Preate*, 870 F. Supp. 612, 630 (M.D. Pa. 1994), *aff'd mem.*, 61 F.3d 896 (3d Cir. 1995). Plaintiff apparently claims that notation of a state court prosecution by the Philadelphia District Attorney on rape charges against another defendant was erroneously included in Plaintiff's pre-sentence investigation report for his federal prosecution, and the erroneous information caused him inconvenience and personal attacks. However, Plaintiff's complaint is devoid of allegations of any participation or wrongdoing by the Philadelphia District Attorney in the erroneous entry. Further, the record is devoid of evidence or an inference that the Philadelphia District Attorney knew of and disregarded the erroneous entry, or that this Defendant knowingly acquiesced in the error.

Moreover, a state prosecuting attorney is absolutely immune from liability for damage under § 1983 for acts such as the initiation of the prosecution and presentation of the state's case which are intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976); *Urrutia v. Harrisburg County Police Dep't*, 91 F.3d 451, 462 (3d Cir. 1996). Ultimately, Plaintiff's claim against the Philadelphia District Attorney relates to the entry of prosecutorial information in court documents, and it is "intimately associated with the judicial phase of the criminal process." *See Imbler*, 424 U.S. at 430. Therefore, the Philadelphia District Attorney's Office enjoys

3

absolute immunity from suit for money damages under § 1983.  An appropriate Order follows.

Dated: March 9, 2006                                  /s/ A. Richard Caputo
                                                      A. RICHARD CAPUTO
                                                      United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES THOMAS,** | : | |
| | : | |
| Plaintiff, | : | **CIVIL NO. 3:CV-05-0090** |
| | : | |
| v. | : | **(Judge Caputo)** |
| | : | |
| **JOHN ASHCROFT, et al.,** | : | |
| | : | |
| Defendants. | : | |

## O R D E R

**AND NOW, THIS 9th DAY OF MARCH, 2006,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT** the motion of Defendant, Philadelphia District Attorney's Office (Doc. 16), to dismiss Plaintiff's complaint is **GRANTED**.

       /s/ A. Richard Caputo
      A. RICHARD CAPUTO
      United States District Judge