IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES THOMAS,** | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-05-0090 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **JOHN ASHCROFT, et al.,** | : | |
| | : | |
| Defendants. | : | |

## M E M O R A N D U M

### I.   Introduction

Plaintiff, Charles Thomas, formerly[1] an inmate at the Allenwood Low Security Correctional Institution ("Allenwood") in White Deer, Pennsylvania, commenced this *pro se* action with a civil rights complaint alleging a *Bivens*[2] claim, a Privacy Act[3] claim, a claim under the Federal Tort Claims Act ("FTCA"),[4] and a claim under 42 U. S. C. § 1983 (Doc. 1).  Defendants are: the Philadelphia District Attorney's Office; former United States Attorney General John Ashcroft; United States probation officer Nicole Seader; and the following officials of the United States Bureau of Prisons ("BOP"): former Allenwood

---

[1]Plaintiff has notified the Court that his current address is Luzerne Correction Center, 600 E. Luzerne Street, Philadelphia, Pennsylvania.  (Doc. 46 at 2.)

[2]*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

[3]5 U.S.C. § 552a; *See also* 24 CFR § 16.1, *et seq.*

[4]28 U.S.C. § 2671 *et seq.*

wardens Yates and Apker; Joseph DeFrancesco; Douglas Schader;[5] Dave Dewald; and an individual indentified as Mr. Erickson.[6] Plaintiff complains about erroneous entries in his prison records, incorrectly identifying him as a sex offender, and he claims Defendants failed to adequately protect him from an attack by other inmates precipitated by Defendants' dissemination of the erroneous information among the inmates.  By Order dated March 9, 2006 (Doc. 56), the Philadelphia District Attorney's Office was dismissed from this action. Presently pending is the remaining Defendants' motion to dismiss Plaintiff's complaint and for summary judgment (Doc. 38).  The motion has been briefed and it is ripe for disposition.  For the following reasons, Defendants' motion for summary judgment will be granted.

## II. Discussion

### A. Motion to Dismiss Standard

Defendants' motion to dismiss is based upon a contention that Plaintiff has failed to exhaust administrative remedies.  In rendering a decision on a motion to dismiss, the Court must accept the plaintiff's allegations as true. *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990).  A motion to dismiss may not be granted if "under any reasonable reading of the pleadings, plaintiff may be entitled to relief." *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted).  It is also well-settled that *pro se* complaints should be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Since Plaintiff's complaint

---

[5]The complaint erroneously identifies this Defendant as "Counselor Shackler."  (Doc. 40-1 at 4.)

[6]This Defendant has since been identified as cook foreman Charles Erickson. *See* Docs. 57 and 58.

alleges that he has exhausted the administrative remedies available to him (Doc. 1 at 1), and since Defendants' motion relies upon supplemental documentation attached to the motion, Defendants' motion to dismiss will be denied.

## B.     Summary Judgment Standard

Defendants also move for summary judgment, again based upon a contention that Plaintiff has failed to exhaust his administrative remedies, as well as a claim that Plaintiff's Privacy Act claim is legally insufficient.[7]  The Court agrees.  Under Federal Rule of Civil Procedure 56(c), summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The party moving for summary judgment has the burden of proving that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Additionally, on summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Mraz v. County of Lehigh,* 862 F. Supp. 1344 (E.D. Pa. 1994).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To preclude summary judgment, there must be a "genuine" issue of a material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.  "If the evidence is merely colorable, or is not significantly probative, summary

---

[7]Since the Philadelphia District Attorney's Office has been dismissed as a Defendant in this case, and since the § 1983 claim related to that party, Plaintiff's § 1983 claim is now moot and it will not be addressed by the Court.

judgment may be granted." *Id.* at 249-250 (citations omitted).

Moreover, Rule 56 provides that the adverse party may not simply sit back and rest on the allegations contained in the pleadings. Rather, the adverse party must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). When addressing a summary judgment motion, our inquiry focuses on "whether *the evidence* presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52 (emphasis added).

### C.  Exhaustion Requirement

Under the provisions of 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "This provision makes no distinction between an action for damages, injunctive relief, or both. The exhaustion requirement is mandatory, whether or not the administrative remedies afford the inmate-plaintiff the relief sought in the federal court action." *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000). Thus, prisoners are required to exhaust available administrative remedies prior to seeking relief pursuant to 42 U.S.C. § 1983 or any other federal law. *Fortes v. Harding*, 19 F. Supp. 2d 323, 325 (M.D. Pa. 1998).

In *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988), the United States Court of Appeals for the Third Circuit identified the various policies underlying the exhaustion requirement:

> First, adherence to the doctrine shows appropriate

4

> deference to Congress' decision, embodied in statute, that an independent administrative tribunal, and not the courts, should serve as the initial forum for dispute resolution . . .
>
> Second, the exhaustion doctrine illustrates respect for administrative autonomy by forbidding unnecessary judicial interruption of the administrative process. This autonomy allows the administrative tribunal to exercise its own discretion, apply its own special expertise, and correct its own errors, thereby promoting administrative responsibility and efficiency and minimizing the frequent and deliberate flouting of administrative processes which could weaken the tribunal's effectiveness.
>
> Third, the exhaustion requirement fosters judicial economy both by permitting the administrative tribunal to vindicate a complaining party's rights in the course of its proceedings, thereby obviating judicial intervention, and by encouraging the tribunal to make findings of fact on which courts can later rely in their decision making.

*Id.*, citing *Republic Indus., Inc. v. Central Pa. Teamsters Pension Fund*, 693 F.2d 290, 293 (3d Cir. 1982).

### 1.     **Exhaustion of Administrative Remedies -** *Bivens* **Claim**

The BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment.  *See* 28 C.F.R. §§ 542.10 - 542.19.  First, inmates shall informally present their complaints to the unit team, and the unit team shall attempt to informally resolve any issue before an inmate files a request for Administrative Remedy.  *Id.* at § 542.13(a).  If an inmate is unable to informally resolve his complaint, he may file a formal written complaint, on the appropriate form, to the warden of the institution where the inmate is confined.  *Id*. at § 542.14.

If an inmate is not satisfied with the warden's response, the response may be appealed (on the appropriate form) to the Regional Director.  *Id.* at § 542.15.  Finally, if the

inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to the General Counsel (central office).  *Id.*

Petitioner acknowledges that there is a prisoner grievance procedure in place, and he has availed himself of some portions of that procedure.  Defendants have filed supplemental documents (Doc. 40-3) in support of their motion, which incorporate the sworn declaration of BOP attorney advisor Sandra Ante.  *Id.* at 13-15.  Ante states that in the ordinary course of business, the BOP maintains a computerized record of all administrative requests and appeals filed by inmates.  A review of the record confirms that the Plaintiff has not exhausted the *Bivens* claim raised in this case.  *Id.* at 15, ¶ 8.

The record discloses that Plaintiff has filed one administrative remedy alleging erroneous information is contained in his central file.  However, the administrative remedy was rejected, because it had been filed at the Regional level without first filing at the institution level.  (Doc. 40-3 at 20.)  Plaintiff was advised of the error, and he was informed that he could file the claim at the institutional level or he could file a Freedom of information Act request.  (*Id.*)  Notwithstanding instruction from the BOP administration on necessary corrective measures for the deficient grievance, no corrective measures were taken.  Moreover, there is no evidence in the record that any grievance filed by Plaintiff was appealed through the final level of appeal, required to exhaust his administrative remedies.

Plaintiff contends that he has fully exhausted his *Bivens* issue set forth in the instant complaint, but this bare assertion is contradicted by Defendants' documents submitted in support of their motion.  Liberally construing the complaint of this *pro se* litigant, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court concludes that Plaintiff has failed to exhaust his administrative remedies on the *Bivens* claim.  The  complete administrative procedure

6

was made available to the Plaintiff, and he did not fully avail himself of that process. The procedure contemplates several tiers of review, and the grievance system is not exhausted when an inmate fails to take timely action through established channels to a conclusion. Plaintiff's failure to comply with established procedures warrants summary judgment on the *Bivens* claim.

### 2.   Exhaustion of Administrative Remedies - FTCA Claim

The FTCA confers on district courts subject matter jurisdiction over negligence actions against the United States. *See* 28 U.S.C. § 1346(b)(1)([D]istrict courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . .) The FTCA applies to claims alleging personal injuries occasioned by the negligence of government employees. 28 U.S.C. 1346(b)(1); *Dolan v. U.S. Postal Service*, ___ U.S. ___, 126 S.Ct. 1252, 1256 (2006). However, a prerequisite to filing an FTCA action is exhaustion of the administrative remedies available, and prior to filing an FTCA claim the Plaintiff must file an administrative claim against the appropriate federal agency. 28 U.S.C. § 2675(a). Exhaustion of appropriate administrative remedies is a jurisdictional prerequisite to filing an FTCA claim, and the requirement may not be waived. *Deutsch v. U.S.*, 67 F.3d 1080, 1091 (3d Cir. 1995); *Livera v. First Nat'l State Bank of New Jersey*, 879 F.2d 1186, 1194 (3d Cir. 1989).

Although Plaintiff did file an administrative tort claim against the BOP, conceded by Defendants as the appropriate agency (Doc. 40-1 at 8), the BOP regional office rejected his claim as deficient, and advised Plaintiff that he could file a corrected complaint. (Doc. 1 at 9.) Plaintiff failed to do so, and he has failed to satisfy the jurisdictional prerequisite for the

claim in this Court. Accordingly, summary judgment is appropriate on Plaintiff's FTCA claim for failure to exhaust administrative remedies.[8]

### 3. Failure to State a Privacy Act Claim

Defendants also seek summary judgment on Plaintiff's Privacy Act claim, alleging that the claim is inapplicable to these Defendants and that Plaintiff has failed to establish the requisite elements of such a claim. Plaintiff alleges Defendants are liable under the Privacy Act for maintaining an inaccurate prison record, which incorporates erroneous information contained in his pre-sentence investigation ("PSI") report. It is unlikely that the Privacy Act would apply, since pre-sentence investigation reports and BOP Inmate Central Record System documents are exempt from the requirements of the Privacy Act. 5 U.S.C. §552a(j)(2); *Meyer v. BOP*, 940 F.Supp. 9, 14 (D.D.C. 1996). Further, the record supports a conclusion that Plaintiff's PSI was corrected by the sentencing Judge, pursuant to the procedures in place at the time. (Doc. 40-3 at 11; Doc. 40-3 at 3, Ex. A, Decl. of Daniel W. Blahusch).

Assuming, *arguendo*, that the Privacy Act applies, and that it has been violated, the Privacy Act was not intended to transform every violation into a constitutional tort. *Windsor v. The Tennesseean*, 719 F.2d 155 (6th Cir. 1983). Plaintiff has failed to set forth an adverse determination proximately caused by intentionally false documents maintained by Defendants, to qualify for relief under the Act. 5 U.S.C. §§ 552a(g)(1) and (g)(4). Moreover, although the Privacy Act was designed, in part, to require government agencies to maintain accurate records, *Hewitt v. Grabicki*, 596 F.Supp. 297 (E.D. Wash. 1984), *aff'd*

---

[8]The Court also notes that the FTCA bars defamation actions against the United States. *Brumfield v. Sanders*, 232 F.3d 376, 383 (3d Cir. 2000).

794 F.2d 1373, the remedy for inaccurate records is properly directed to the agency, not the individuals in the agency nor the recipient(s) of the incorrect information.  *Chocallo v. Bureau of Hearings and Appeals, SSA*, 548 F.Supp. 1349 (E.D. Pa. 1982), *aff'd without op.* 716 F.2d 889, *cert. den.* 464 U.S. 983.  Here, Plaintiff has not named any appropriate agency as a proper Defendant to the Privacy Act claim, and has only listed individual Defendants in this case.  After reviewing the record, the Court concludes that Plaintiff's Privacy Act claim may not be maintained, and summary judgment will be granted.  An appropriate Order follows.


Dated: March 30, 2006                               /s/ A. Richard Caputo
                                                                                 A. RICHARD CAPUTO
                                                                                 United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CHARLES THOMAS,** :
:
     **Plaintiff,** : **CIVIL NO. 3:CV-05-0090**
:
     **v.** : **(Judge Caputo)**
:
**JOHN ASHCROFT, et al.,** :
:
     **Defendants.** :

# O R D E R

**AND NOW, THIS 30th DAY OF MARCH, 2006,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' motion for summary judgment (Doc. 38) is **GRANTED**.

2. The Clerk of Court shall enter judgment in favor of Defendants and against the Plaintiff.

3. The Clerk of Court shall **CLOSE** this case.

4. Any appeal from this Order will be deemed frivolous, without good cause, and not taken in good faith.

                                            /s/ A. Richard Caputo
                                            A. RICHARD CAPUTO
                                            United States District Judge